**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

JEROME JONES                                                                                            PLAINTIFF

V.                                          4:08CV00439 JMM/JTR

PHIL MASK, Sheriff,
Saline County, et al.                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the requested hearing before the
     United States District Judge was not offered at  the hearing before the
     Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A-149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, a convicted prisoner who is currently being held in the Saline County Detention Facility ("SCDF"), has filed an Application to Proceed *In Forma Pauperis,* a *pro se*[1] Complaint, a Brief in Support, an Amended Complaint, and a Second Amended Complaint. *See* docket entries #1, #2, #3, #4, and #6. In these pleadings, Plaintiff asserts various § 1983 claims against the Defendants. For the reasons set forth herein, the Court recommends that the Application to Proceed *In Forma Pauperis* be denied, and that the case be dismissed, without prejudice.

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

## II. Discussion

**A.     Three Strikes Provision**

The Prison Litigation Reform Act contains a three-strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

The Court's records demonstrate that Plaintiff has previously filed three cases that were dismissed for failing to state a claim upon which relief may be granted. *See Jones v. Davis*, 5:93CV00563 GTE (dismissed on November 23, 1993); *Jones v. Holladay,* 4:07CV00914 SWW (dismissed on October 29, 2007); and *Jones v. Martin*, 4:07CV01109 JLH (dismissed on November 19, 2007). Accordingly, the Court concludes that Plaintiff has accumulated three strikes, as defined by § 1915(g).

**B.     Imminent Danger Exception to the Three Strikes Rule**

Even though Plaintiff is a three striker, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule that is set forth in § 1915(g). *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "<u>at the time of filing</u>" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient."

(Emphasis in the original.) The Eighth Circuit also has been reluctant to apply the imminent danger exception unless the alleged ongoing danger exposes the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048,1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

In his pleadings, Plaintiff alleges that Defendants: (1) placed him in isolation in retaliation for filing grievances; (2) are failing to provide him with an adequate grievance procedure; (3) are infringing his right to privacy by not having a closed mail box or otherwise preventing other detainees and jailers from reading his family's mailing addresses off of envelopes; (4) are allowing him to send only two letters a week to his family; (5) are infringing his right to equal protection by requiring him to spend twenty-four hours a day in lockdown while other convicted prisoners are allowed to have yard call; (6) are providing him with inadequate medical care and/or invading his right to privacy by allowing jailers, rather than medically trained personnel, to dispense his prescription medications; and (7) are subjecting him to cruel and unusual punishment by not medically screening all prisoners and detainees to determine if they have contagious diseases,[2] failing to use ultraviolet lights to kill germs, and requiring inmates to drink water from the sink. *See* docket

---

[2] In particular, Plaintiff contends that, on May 6, 2008, he was housed in a cell with an inmate who admitted that he had hepatitis and who also demonstrated symptoms of tuberculosis. *See* docket entry #2. However, Plaintiff does not explain how long he was housed with that inmate. Additionally, he does not contend that he actually contracted hepatitis, tuberculosis, or any other contagious disease from any SCDF inmate or detainee. Finally, and most importantly, Plaintiff concedes that, when he complained about the matter, Defendants offered to allow him to remain in an isolation cell to avoid being around any inmates or detainees who might have a contagious disease. *Id.* Accordingly, the Court concludes that Plaintiff is not in imminent danger of serious physical injury.

entries #2, #3, #4, and #6.

After careful consideration, the Court concludes that none of these alleged constitutional violations are currently placing Plaintiff in imminent danger of serious physical injury. Accordingly, Plaintiff has failed to satisfied the exception to the three-strikes rule, as set forth in § 1915(g).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) be DENIED.

2. This § 1983 action be DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3. Plaintiff be given the opportunity to continue this case by: (a) paying the statutory filing fee of $350, in full, noting the above case style and number; and (b) filing a Motion to Reopen the case.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 17th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE